CENTRAL TRUST CO. OF NEW YORK *v.* MARIETTA & N. G. RY. CO., (JACKSON & WOODIN MANUF'G CO., Intervener.)

*(Circuit Court of Appeals, Fifth Circuit. December 7, 1891.)*

1. FORECLOSURE OF RAILROAD MORTGAGE—CONDITIONAL SALE—RIGHTS OF VENDOR.
   A railroad company issued equipment bonds, and executed a mortgage to secure the same, covering "all after-acquired" property of the company. Afterwards an improvement company, interested in the railway company, purchased certain rolling stock from a car-building company, which, by the contract of sale, retained title to the rolling stock until the purchase price thereof should be fully paid. The rolling stock was then furnished by the improvement company to the railroad company, under an agreement by which the improvement company undertook to equip the railroad company. *Held,* in a suit to foreclose the mortgage, that the car-building company, having no notice of any equities in favor of the holders of the railroad company's bonds against the improvement company, arising out of the contract of the improvement company to equip the railroad in order to enable it to

issue such bonds, was not estopped to intervene and assert its title to the rolling stock in question, and was entitled to the possession of so much thereof as it had furnished to the railroad company.

2. SAME—RECORDING CONTRACT OF SALE RESERVING TITLE—OPERATION OF STATUTE.
　　Laws Ga. 1889, p. 188, validating contracts for the sale of rolling stock made or to be made to the owner or operator of a railway within the state of Georgia, with reservation of title, and requiring such contracts to be recorded within six months after execution, has no application to such a contract, made before the passage of such act, by two foreign corporations, outside of the state, for the sale of rolling stock to be used within the state, neither corporation being the owner or operator of a railway in the state.

Appeal from the Circuit Court of the United States for the Northern District of Georgia.

Bill in equity by the Central Trust Company of New York against the Marietta & North Georgia Railway Company to foreclose a mortgage made by the railway company. The Jackson & Woodin Manufacturing Company intervened, claiming title to certain rolling stock in the possession of the receiver appointed in the suit. Decree for intervener. Plaintiff appeals. Affirmed.

Laws Ga. 1889, p. 188, validates sales of rolling stock made or to be made to "any railroad company or person owning or operating a railroad in this state," with reservation of title, and provides that such contracts made prior to the passage of the act shall be recorded in the county of the state of Georgia in which is situated the principal office of the company, etc., within six months after the passage of the act, and that such contracts made after the passage of the act shall be so recorded within six months after their execution.

### STATEMENT BY PARDEE, J.

The facts of the case, and the exceptions relied upon by the appellant, are sufficiently stated in the master's report, as follows.

"*First.* That the Jackson & Woodin Company sold the North Georgia Improvement Company thirty 8-wheel gondola-cars, and twenty 8-wheel box-cars, for which it received thirty-four notes, dated August 1, 1890, and due as follows: One note payable December 1, 1890, and monthly thereafter, until September 1, 1893. The aggregate amount of these thirty-four notes is twenty thousand five hundred and eighty-nine dollars and four cents, ($20,-589.04.) There was also another note given by said North Georgia Improvement Company on account of said purchase, due August 26, 1890, for five thousand eight hundred and twenty-nine dollars sixty-two cents, making a total of $26,418.66. I have added to this aggregate amount six per cent. interest on past-due notes, and deducted from the aggregate amount six per cent. interest from those not due, and I find the principal and interest due on said notes, April 7, 1891, is $25,357.18. I further find from the proof that the North Georgia Improvement Company, being unable to pay any of said notes, relinquished all claim upon said property to the intervener, the said Jackson & Woodin Manufacturing Company. I further find that the said North Georgia Improvement Company delivered said fifty cars to the Marietta & North Georgia Railway Company, and that said fifty cars are now in the possession of J. B. Glover, receiver of the Marietta & North Georgia Railway Company, and are in daily use in the operation of said road. I also find that the title to the said fifty cars is still in the intervener, the said Jackson & Woodin Manufacturing Company, and they are entitled to possession

of same. * * * It is claimed by the Central Trust Company of New York that the interveners have no lien whatever upon the equipment set forth in their petition and intervention superior to the mortgage bonds now being foreclosed in this court, because said equipment was sold and delivered in the year 1889 under a verbal contract made for said equipment with the interveners by George R. Eager, as president of the North Georgia Improvement Company, and that said George R. Eager then caused said equipment to be delivered to the said Marietta & North Georgia Railway Company, which last-named railway company, in the year 1889, took possession of said railway equipment, without an understanding, either verbal or written, that any title or right or claim was reserved in said equipment by said interveners. The Central Trust Company further contend that at the time said equipment was delivered to said railway the said George R. Eager was under contract to construct and equip said line of railway, and that he delivered said equipment to said railway, as he was in duty bound to do, under his said contract. The evidence shows that said equipment was sold to the North Georgia Improvement Company some time in the spring of the year 1889; that the negotiations for the sale of said equipment were had between said interveners and George R. Eager, president of the North Georgia Improvement Company; that it was distinctly understood at the time that the title to said equipment was to remain in the interveners until it was fully paid for; and that as an evidence of this fact each car was marked on a plate with the following inscription: 'M. & N. G. Ry., Jackson & Woodin Mfg. Company, Berwick, Pa., owners.' Nothing was paid on said equipment at the time of the purchase, and nothing has been paid on it since. Afterwards, to-wit, on the 1st day of August, 1890, a written contract of lease was made between interveners and North Georgia Improvement Company, by which said contract the interveners were clearly recognized and admitted to be the owners of said equipment, and were to continue as such owners until said equipment was fully paid for. Upon said contract of lease is an agreement with Marietta & Georgia Railway Company to act as bailee for the Jackson & Woodin Mfg. Company of said cars, and to do all in its power to carry out the contract made between Jackson & Woodin Manufacturing Company and the North Georgia Improvement Company. This contract, with the above-stated agreement indorsed on it, was duly recorded October 29, 1890, in the clerk's office of the superior court of Cobb county. The master is of the opinion that the verbal contract made between the North Georgia Improvement Company and the Jackson & Woodin Manufacturing Company was good as between the parties to it, and it does not appear that any equities have arisen as to third parties. The master is also of the opinion that the Marietta & North Georgia Railway Company had possession of this rolling stock under the written contract of bailment, as above stated, and that, even before said written contract of bailment was made, said railway company held said rolling stock as bailee, and that, therefore, the general mortgage given to secure the payment of the bonds did not attach to said rolling stock. The master, therefore, finds and reports that the interveners, Jackson & Woodin Manufacturing Company, have a valid claim to said rolling stock, and are entitled to its possession. The North Georgia Improvement Company, subsequent to the filing of this intervention, executed to the Jackson & Woodin Manufacturing Company a relinquishment to all of this rolling stock; but, as the evidence shows the Jackson & Woodin Manufacturing Company have never been paid anything on said rolling stock, the master thinks their claim is valid without relinquishment. As to the contention of the Central Trust Company that George R. Eager was under contract to equip said railway with rolling stock, the master repeats his opinion in the intervention of the Hiawassee Company, that the evidence does not sustain this position. But, even if it were true

that said Eager was to equip said railway, it could not affect the right of the interveners to recover their property, as nothing has ever been paid, and as it was placed on the railway with the distinct understanding that it was to remain the property of the interveners until fully paid for."

H. B. Tompkins, for appellant.

Hoke Smith, for appellee.

Before PARDEE, Circuit Judge, and LOCKE and BRUCE, District Judges.

PARDEE, J.    We do not think it necessary to recapitulate or analyze all the evidence, nor to pass upon all the exceptions and assignments of error with which the record teems, because it is clear that appellee never parted with the title and ownership of the property sued for; that it had no notice, and is charged with none, of the equities claimed to exist as between Eager, contractor, and the bondholders of the Marietta & North Georgia Railway Company, in regard to rolling stock furnished said railway company as a preliminary to the issuance of bonds; that the contract or conditional sale between appellee and the North Georgia Improvement Company was made outside of the state of Georgia between two foreign corporations, and is not affected by the Georgia law of 1889 relied upon by appellant, however the same may be construed, particularly as the contract was made months before said law was passed, and neither one of the parties thereto was the owner or the operator of a railway in the state of Georgia, and that the appellee is entitled to the return of its property or to payment for the same.    We are satisfied there is no error in the decree rendered in the court below prejudicial to the appellant, and it is therefore affirmed, with costs.

